**In the Matter of WEST CHICAGO THO-RIUM TAILINGS CONSOLIDATED PRETRIAL PROCEEDING.**

**No. 95 C 2110.**

United States District Court, N.D. Illinois, Eastern Division.

March 15, 1996.

Patrick J. Kenneally, Thomas Louis Trinley, Shawn A. Warner, Patrick J. Kenneally, Ltd., Chicago, IL, Thomas F. Tobin, Patrick G. Donnelly, Eugene Stuart Kraus, Connelly & Schroeder, Chicago, IL, Peter J. Nickles, Elliott Schulder, Coleman S. Hicks, Alan A. Pemberton, Tracy A. Thomas, Covington & Burling, Washington, DC, for West Chicago Thorium Tailings.

## *MEMORANDUM OPINION AND ORDER*

BUCKLO, District Judge.

Defendants Kerr–McGee Chemical Corporation and Kerr–McGee Corporation ("Kerr–McGee") have filed a motion *in limine* seeking to bar plaintiffs from referring at trial to litigation involving Kerr–McGee and the estate of Karen Silkwood. *See Silkwood v. Kerr–McGee Corporation*, 485 F.Supp. 566 (W.D.Okla.1979), *aff'd in part and rev'd in part*, 667 F.2d 908 (10th Cir.1981), *rev'd and remanded*, 464 U.S. 238, 104 S.Ct. 615, 78 L.Ed.2d 443 (1984), *on remand*, 769 F.2d 1451 (10th Cir.1985), *cert. denied*, 476 U.S. 1104, 106 S.Ct. 1947, 90 L.Ed.2d 356 (1986). Plaintiffs [1], 60 persons who allege that they have developed various medical conditions as a result of having been exposed to radiation from thorium mill filings generated by a former thorium processing facility in West Chicago, Illinois, contest Kerr–McGee's motion. They also seek discovery from Kerr–McGee on the matters related to the Silkwood case. Kerr–McGee seeks a protective order barring the discovery. Kerr–McGee's motion *in limine* and motion for a protective order are granted. Plaintiffs' motion is denied.

Plaintiffs in this case allege that they ingested soil containing thorium tailings or inhaled air containing radioactive gas from thorium tailings, causing their medical conditions. The thorium filings are the residue of mining activities in the 1930's and 1940's by owners and operators prior to Kerr–McGee's purchase of the facility. Some of the tailings were deposited at various sites in West Chicago, in part as land-fill. Some were stored in piles at the facility.

The Silkwood case involved a young woman who worked at a Kerr–McGee facility in Oklahoma who in 1974 became contaminated with plutonium. The issues in the case were whether Ms. Silkwood was injured as a result of the plutonium escape and whether Kerr–McGee was responsible for the escape. A jury held Kerr–McGee responsible for actual and punitive damages. Much of the evidence at trial concerned Kerr McGee's "disregard for employee safety and to their endangerment of the public." *Silkwood v. Kerr–McGee Corp., supra,* 769 F.2d at 1455. (The verdict, which included $10,000,000 in punitive damages was initially reversed by the court of appeals on various legal grounds. The Supreme Court reversed, holding that federal law did not preempt state law. The court of appeals on remand required a new trial on additional legal grounds. The case was settled without a new trial.) The *Silkwood* case became famous as a result of a movie, "Silkwood," ostensibly based on what happened to Ms. Silkwood.

Plaintiffs allege that the *Silkwood* trial and evidence is relevant to these cases on the ground that Kerr–McGee in the *Silkwood* situation lost track of large amounts of radioactive material (the plutonium) and that Kerr–McGee in the present case did the same with thorium. They also allege that they have evidence that Kerr–McGee was advised in 1976 that children were coming onto the property where the thorium filings were stored and removing tailings, that airborne contamination was reaching the neighbors, and that its employees knew that the material being dumped in a park was radioactive.

Plaintiffs say all of this evidence will show a conscious disregard for the safety of others and that it should not be excluded. The motion, however, does not seek to exclude evidence related to the facility in West Chicago. Although plaintiffs have not stated what evidence from the *Silkwood* case they seek to introduce, apparently they want to

---

1. Plaintiffs are all residents or former residents of West Chicago, Illinois. They have filed 19 separate actions in this district, all of which have been consolidated before me for discovery and certain pretrial proceedings.

introduce the verdict in favor of the Silkwood estate and evidence of Kerr–McGee's recklessness in that case to show that "a defendant who has been told by a jury to reform [has] ignore[d] that warning and continue[d] wreaking its havoc." There are several problems with plaintiffs' theory. In the first place, the verdict plaintiffs refer to was in 1979. All of the evidence of misconduct referred to by plaintiffs in response to Kerr–McGee's motion is alleged by plaintiffs to have taken place before that time. In addition, there was never a final verdict in favor of plaintiff in the Silkwood case. The case ultimately settled. Plaintiffs would therefore, as a start, have to prove that defendants in fact acted improperly in the Silkwood situation. Under any theory of relevance, such evidence is not admissible in these cases, involving a different facility, different plaintiffs, different injuries, and completely different facts. Accordingly, I need not consider Kerr–McGee's argument that it would be highly prejudiced (and that, indeed, this is plaintiffs' sole purpose in seeking to refer to the Silkwood case) by any mention of that case.